# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>the person of RONELL BROWN, B/M | )<br>)<br>)  Case No. 20-SW-291<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

RONELL BROWN, B/M, DOB: 4/23/1990, PDID: 637-612, who is in the community under supervision by pretrial services in District Court Criminal Case No. 20-cr-126

located in the _____ District of ___Columbia___, there is now concealed *(identify the person or describe the property to be seized)*:

a saliva sample from the defendant's mouth.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year |

The application is based on these facts:
see attached Affidavit

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Sean Ricardi of the U.S. Attorney's Office Investigator
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___telephone___ *(specify reliable electronic means)*.

Date: ___11/12/2020___

*Judge's signature*

City and state: Washington, D.C.        Zia M. Faruqui, United States Magistrate Judge
                                        *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means        ☑ Original        ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>the person of RONELL BROWN, B/M | ) ) ) ) ) ) )   Case No.  20-SW-291 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ Columbia
*(identify the person or describe the property to be searched and give its location)*:

RONELL BROWN, B/M,  DOB: 4/23/1990, PDID: 637-612, who is in the community under supervision by pretrial services in District Court Criminal Case No. 20-cr-126

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

a saliva sample from the defendant's mouth.

**YOU ARE COMMANDED** to execute this warrant on or before      November 25, 2020      *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.      ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to      Zia M. Faruqui      .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    11/12/2020 _____
                                                                                                   *Judge's signature*

City and state:    Washington, D.C.                         Zia M. Faruqui, United States Magistrate Judge
                                                                                             *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: 20-SW-291 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR A SEARCH             Case No.: 20-SW-291
WARRANT FOR THE PERSON OF
RONELL BROWN, B/M

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Sean Ricardi, a Special Agent with the United States Attorney's Office for the District of Columbia, hereinafter the Affiant, being duly sworn, deposes and states as follows:

**AGENT BACKGROUND**: I am a Special Agent with the United States Attorney's Office for the District of Colombia. I hold a Bachelor's Degree in Political Science from the University of Connecticut, and a Master's Degree in Homeland Security Studies from Pennsylvania State University. I have completed the United States Border Patrol Academy, the United States Secret Service Special Agent Training Course, the Criminal Investigator's Training Program at the Federal Law Enforcement Training Center, and numerous specialized and advanced courses regarding specific types of crimes and criminal investigative techniques. I started my career in 2009 as a U.S. Border Patrol Agent in the El Centro Sector. In 2013, I was promoted to the position of Intelligence Agent where I served in Plentywood, MT conducting investigations into transnational criminal organizations. In 2014, I joined the United States Secret Service as a Special Agent in Seattle, Washington, where I regularly investigated crimes involving the exploitation of children, fraud and white collar crimes, and violent crimes. I have also conducted investigations pertaining to protective intelligence and threats against Secret Service protectees. I have also investigated organized criminal activity to include crimes involving the illegal use and possession of firearms. I am familiar with firearms, and federal firearms laws, as well as firearms laws in the District of Columbia.

**SUBJECT: For the person of RONELL BROWN, B/M, DOB: 4/23/1990, PDID: 637-612.**

**INVESTIGATION:**

On Saturday, May 16, 2020, at approximately 10:00 p.m., members of the Metropolitan Police Department (MPD) Narcotics and Special Investigations Division (NSID) Gun Recovery Unit (GRU) were on patrol in the 4600 block of Hillside Road Southeast in Washington, D.C. Officers observed a large group of individuals standing on the side of the street. Sergeant Jaquez and Sergeant Johnston observed an individual wearing a white t-shirt and dreadlock hairstyle holding a cup in his hand, later identified as Ronell Brown (Defendant Brown).

As police approached, Defendant Brown immediately turned away. Sergeant Jaquez asked Defendant Brown if he was in possession of a gun. Defendant Brown threw the cup from his hand and started to run from police. While pursuing Defendant Brown on foot, Sergeant Jaquez observed Defendant Brown continuously manipulating the front of his waistband. Defendant

Brown stopped on the sidewalk in front of 4609 Hillside Road Southeast and jumped the fence into the backyard of that location, which is a residential home. Sergeant Jaquez observed a silver revolver on the sidewalk near the fence, right where Defendant Brown had stopped and jumped the fence. Defendant Brown continued to flee on foot through the backyard. Sergeant Jaquez stayed with the silver revolver while Sergeant Johnston continued to pursue Defendant Brown. While in the backyard, Sergeant Johnston observed Defendant Brown make a tossing motion. Sergeant Johnston immediately noticed a strobing light go on in the area where Defendant Brown made the tossing motion. Sergeant Johnston stayed in the backyard while Defendant Brown continued to flee. Defendant Brown was detained behind 1207 46th Street Southeast in the exterior basement staircase by Officer Kelemen. This address is also a residential home and the resident later advised police that she does not know Defendant Brown.

Sergeant Johnston went to the location of the strobing light in the backyard of 4609 Hillside Road and immediately observed a black firearm equipped with a laser light. The light appeared to have activated after Defendant Brown made the tossing motion. The firearm was recovered and determined to be a black Glock, .9 millimeter semiautomatic handgun with an obliterated serial number, equipped with a laser light. When it was recovered, the firearm was loaded with one (1) round in the chamber and eighteen (18) in the unknown capacity magazine.

The first firearm that Sergeant Jaquez observed on the sidewalk in front of 4609 Hillside Road where Defendant Brown jumped the fence was also recovered and determined to be a silver Smith and Wesson .357 Magnum, .357 caliber revolver-style handgun with a serial number of 4K87911. When it was recovered, it was not loaded with any ammunition. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearms and ammunition in this case would have traveled in interstate commerce prior to being recovered in the District of Columbia.

The defendant was placed under arrest. Subsequent to his arrest, the defendant spontaneously stated to police on several occasions, "Can't you just take it and let me go?" and "You can't just take the gun and let me go?" These statements can be heard on body-worn camera. Paramedics were called to check on the defendant due to the fact that he was complaining of being short of breath and having asthma. While speaking with paramedics, the defendant stated he was running because he "had to take a chance, I had a gun on me."

A criminal history check of Defendant Brown through the National Crime Information Center (NCIC) confirmed that the defendant has a prior felony conviction in the Superior Court for the District of Columbia for Unlawful Possession of a Firearm, case number 2018 CF2 13747. The defendant was sentenced to two (2) years for this offense, all suspended, on January 4, 2019. Therefore, the defendant was aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year.

Defendant Brown is currently under supervision by pretrial services in District Court Criminal Case No. 20-cr-126.

The defendant's arrest occurred during the COVID-19 health emergency. This emergency resulted in significant changes to the day-to-day operations of the Central Cell Block, the D.C.

Jail, the United States Marshal's Service, the U.S. District Court, and the U.S. Attorney's Office. Due to these changes as well as heightened concerns for the well-being of law enforcement officers, arrestees, and employees of the Department of Forensic Sciences, a buccal swab warrant was not obtained and a buccal swab was not taken at the time of the defendant's arrest. Your affiant is completing the follow up investigation on this case.

As is noted above, in the context of investigating this crime, officers recovered a black Glock, .9 millimeter semiautomatic handgun with an obliterated serial number, equipped with a laser light and a silver Smith and Wesson .357 Magnum, .357 caliber revolver-style handgun with a serial number of 4K87911. Based upon your Affiant's training and experience in the recovery of firearms in similar circumstances, these firearms likely contain DNA. In my experience, some DNA is often left on and recovered from evidence of this kind.

Based upon the facts of the case, there an evidentiary nexus between the recovered firearms and the individual whose DNA is sought, as officers observed Defendant Brown toss the Glock while attempting to elude police on foot and, when it hit the ground, the light that was attached to the firearm was turned on. The Smith & Wesson 357 Magnum was recovered from the sidewalk in front of a fence that officers observed Defendant Brown jump over while attempting to elude police on foot. These firearms will be swabbed for potential DNA, consistent with the policies of the Metropolitan Police Department and the D.C. Department of Forensic Sciences ("DFS"). These firearms are awaiting testing at the DFS laboratory, the Federal Bureau of Investigation Forensics Laboratory or other accredited forensic laboratory. The government now seeks to obtain a saliva sample from the defendant to compare the defendant's DNA to the DNA found on these firearms. A match between the defendant's DNA and the DNA on the firearms would make a fact of consequence in this case – the defendant's unlawful possession of the firearms – more or less probable.

## PROBABLE CAUSE:

There is probable cause to search the defendant for a saliva sample containing his DNA because there is a fair probability that his DNA is evidence of a crime. The firearms recovered likely contain DNA. The firearms will be swabbed for DNA, and the government plans to test the evidence for DNA upon receipt of the defendant's DNA. A match between the defendant's DNA and DNA on the firearms would make it more or less probable that defendant committed the crime of unlawful possession of the firearms.

There is probable cause to search the defendant for his saliva sample as it is evidence of the crime of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Therefore, I respectfully request that a search warrant be issued permitting members of the Metropolitan Police Department, members of the Federal Bureau of Investigation and/or the D.C. Department of Forensic Sciences to take a buccal swab from Defendant Ronell Brown.

Date: November 12, 2020

                                             Special Agent Sean Ricardi, Badge #1617
                                             U.S. Attorney's Office for the District of Columbia

*Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on November 12, 2020.*

_____
ZIA M. FARUQUI,
MAGISTRATE JUDGE
FOR THE DISTRICT OF COLUMBIA